UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MARINA KHAIMOV
on behalf of herself and
all other similarly situated consumers

                           Plaintiff,

               -against-


ELEMENT GLOBAL SERVICES, INC.

                      Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Marina Khaimov seeks redress for the illegal practices of Element Global Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act ("TCPA").

### *Parties*

2.    Plaintiff is citizen of the State of New York who resides within this District.

3.    Plaintiff is consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in West Seneca, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

7.    Part of this action is brought for statutory damages, injunctive relief, declaratory judgment, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive deceptive and unfair practices.

8.    According to 15 U.S.C. § 1692:

    a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy;

    b) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts;

    c) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce;

    d) The FDCPA requires debt collectors identify themselves as such in all messages to prevent consumers from being tricked into communicating with debt collectors regarding a debt.

9.    Plaintiff also seeks injunctive relief and declaratory relief. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate

final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

10.    As a result of the violations of the FDCPA, Defendant is liable to Plaintiff and the class for declaratory judgment that Defendant's conduct violated the FDCPA, and actual damages, statutory damages, and costs and attorney's fees.

## *Jurisdiction and Venue*

11.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Marina Khaimov*

13.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

14.    The Plaintiff alleges that Defendant's collection practices cause harm and violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").   Such collection practices include, inter alia:

   a)  Leaving messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

   b)  Leaving messages for consumers, which fail to disclose that the call is from a debt collector; and

   c)  Leaving messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

15.     The FDCPA requires debt collectors identify themselves as such in all messages to prevent consumers from being tricked into communicating with debt collectors regarding a debt.  The United States and Congress have found that:

> [T]his regulation directly advances the governmental interest of preventing abusive or deceptive debt collection practices such as anonymous telephone messages. Congress has specifically declared the prohibited activity of failing to make the necessary disclosures as inherently misleading. "The argument is that prohibiting debt collectors from leaving anonymous messages directly advances the governmental interests because allowing a debt collector to leave such messages could result in consumers being tricked into calling back and being forced to communicate with the debt collector, which could be an abusive practice since some consumers prefer written contact or to have an attorney or other representative engage in discussions with the debt collector on the consumer's behalf."…"Requiring a debt collector to identify itself as such appears to be a direct and narrow method of preventing consumers from being tricked into communicating with debt collectors regarding a debt. Furthermore, debt collectors have several forms of communication available to them in their efforts to collect a debt, including live conversation over the telephone, in person communication, and the mail. The FDCPA is no more extensive than necessary to achieve the asserted governmental interests of preventing abusive or deceptive debt collection practices such as anonymous telephone calls."
> Mark v. J.C. Christensen & Assocs., 2009 U.S. Dist. LEXIS 67724, 26-27, 2009 WL 2407700 (D. Minn. Aug. 4, 2009).

16.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct.   15 U.S.C. § 1692e(11) – (16).

17.     Among the per se violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting

to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

18.   Section 1692e prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute "provides a non-exhaustive list of conduct that satisfies this general prohibition." that list involves particular types of false or misleading representations from the debt collector. Congress has specifically added to that list that the statute requires debt collectors to disclose their status as debt collectors in each communication and the failure to make that disclosure is deceptive and misleading.

19.   Congress determined that a debt collector must include in all its communications its status as a debt collector. With this specific disclosure requirement, Congress determined that the failure to make this disclosure is misleading and harmful to consumers.

20.   Congress has found that the omission of this expressly required disclosure is harmful to consumers like the Plaintiff.

21.   Plaintiff's inability to obtain this mandatory disclosure was harmful and it was an invasion of the Plaintiff's right or truthful and fair debt collection.

22.   Defendant, a debt collector, attempted to contact Plaintiff by telephone in an effort to collect a debt; this was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23.   Within the one year immediately preceding this action, the Defendant left many "live"

and prerecorded messages on the Plaintiff's answering machine on numerous occasions.

24.   The callers failed to identify themselves as debt collectors attempting to collect a debt, during the said prerecorded messages.

25.   In addition, the callers failed to state their company's legal name during the said prerecorded and live messages.

26.   Defendant has engaged in a pattern of leaving prerecorded and live messages without disclosing its legal name or that the communication is from a debt collector.

27.   The said prerecorded and live telephone messages are in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector and for not meaningfully disclosing the caller's identity which constitutes a deceptive practice.

28.   Leaving "Anonymous Telephone Messages" in any form are in violation of the FDCPA whether the anonymous telephone message is left during a conversation directly between a consumer and a debt collector or indirectly, such as an Anonymous Telephone Message left on a telephone answering device.[1]

29.   On forty six occasions, Defendant made forty six prerecorded phone calls to an unauthorized wireless number belonging to the Plaintiff.

30.   Upon information and belief, the Defendant used an auto dialer and prerecorded messages when calling the Plaintiff.

31.   The number displayed on Plaintiff's caller ID for many of the calls was (201) 885-5063, and is a telephone number maintained and controlled by the Defendant.

---

[1] See. Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006). ("The FDCPA requires debt collectors identify themselves as such in all messages to prevent consumers from being tricked into communicating with debt collectors regarding a debt. Anonymous telephone messages mislead consumers in to thinking that the message could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by consumers as much more pressing, than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.")

32.   The Defendant failed to properly identify the entity on whose behalf the calls were being made.

33.   Upon information and belief, each of the calls placed by Defendant were made by means of an automatic telephone dialing system as defined by the Federal Communications Commission.

34.   In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, *inter alia*, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

35.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

36.   On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. In the Matter of Rules and Regulations Implementing the Telephone

Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL65485 (F.C.C.) (2008).

37.  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C.R. at 564-65(10).

38.  Upon information and under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff gave her express consent to call her wireless number within the meaning of the statute. See FCC Declaratory Ruling, 23 F.C.C.R. at 565-14(10).

39.  The Defendant made prerecorded calls to the Plaintiff using an automatic telephone dialing system, which left artificial and prerecorded messages on Plaintiff's wireless number which is assigned to a service for which the call-party is charged for each call received.

40.  The Defendant did not obtain Plaintiff's prior, express, written consent before initiating the telephone calls to the Plaintiff.

41.  The Plaintiff had never given the Defendant her cellphone number in order for the Defendant to contact her.

42.  Defendant has initiated numerous automated telemarketing calls utilizing prerecorded voice messages and have directed these calls to cellular telephones and residential telephone lines.

43.  Upon information and belief, Defendant regularly utilizes such deceptive practices.

44.  The Defendant's violations of the TCPA were willful and/or knowing.

45.     In calling Plaintiff on her wireless telephone line at multiple times per day, Defendant violated 47 U.S.C. § 227(b).

46.     Plaintiff and the Class are entitled to actual or statutory damages under the TCPA, and, if the violations are found to be willful and/or knowing, treble damages.

47.     Defendant caused Plaintiff to incur charges for Defendant's numerous automated telemarketing calls utilizing prerecorded voice messages, when Plaintiff had no reason to know the communication's purpose.

48.     Defendant was prohibited from placing a call that would cause a charge to Plaintiff without having notified her to expect it and without having announced its purpose.

49.     Defendant called Plaintiff's phone line and Plaintiff was charged a toll on all those incoming calls.  Plaintiff was not alerted to the calls beforehand.

50.     The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5).

51.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

52.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

53.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

54.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

55.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

56.     Defendant's communications were designed to cause the debtor to suffer a harmful

disadvantage in charting a course of action in response to the Defendant's collection efforts.

57.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of hers right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

58.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

59.     As an actual and proximate result of the acts and omissions of Element Global Services, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

60.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty nine (59) as if set forth fully in this cause of action.

61.     This cause of action is brought on behalf of Plaintiff and the members of two classes.

62.     Class A consists of all persons whom Defendant's records reflect resided in New York who received prerecorded and "live" telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the

complaint; (a) the telephone messages were placed without setting forth that the communication was from a debt collector; and (b) without meaningful disclosure of the caller's identity; and (c) the Plaintiff asserts that the telephone messages were in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11).

63.   Class B consists of all persons whom Defendant's records reflect resided in New York and were left telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a service where the Plaintiff was charged for the calls, and (b) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

64.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A.   Based on the fact that form prerecorded and live telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C.   The only individual issue is the identification of the consumers who received such telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of the Defendant.

   D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

65. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

66. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

67. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

68. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

69. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

70.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty nine (59) as if set forth fully in this cause of action.

71.   The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), by initiating forty six telephone calls to the Plaintiff's wireless phone number using an artificial and/or prerecorded voice to deliver messages, while causing the Plaintiff a charge for each call, and without having the consent of the Plaintiff to leave such messages.

72.   Defendant has repeatedly violated the TCPA by the calls made to the Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or prerecorded messages that have been unleashed against the Plaintiff by the Defendant.

73.   The Defendant made prerecorded calls to the Plaintiff using an automatic telephone dialing system, using artificial and prerecorded messages, to Plaintiff's telephone number which is assigned to a service for which the call-party is charged for each call received.

74.    There is no exception or justification for the numerous violations of the TCPA by the Defendant as the Plaintiff had not consented to the use of the telephone number at issue where the Plaintiff was charged for each call.

75.    Each call is a separate violation and entitles the Plaintiff to statutory damages against the Defendant in the amount of $500.00 per call.

76.    Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

77.    All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm the Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that it knew or should have known that its actions were in reckless disregard of the TCPA.

78.    This action is brought on behalf of the Plaintiff and the members of a class.

79.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received prerecorded telephonic messages from Defendant's representatives; (a) the telephone messages were placed to a consumer using an automatic telephone dialing system or an artificial or prerecorded voice; and (b) the Plaintiff did not provide prior express consent for such calls; and (d) the telephone messages were placed to a service where the Plaintiff was charged for the calls; and (e) that the telephone messages were in violation 47 U.S.C. § 227.

80.    Pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), a class action is appropriate and preferable in this case because:

A. Based on the fact that prerecorded and live telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the TCPA.

C. The only individual issue is the identification of the consumers who received such telephonic messages (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions. The Plaintiff's interests are consistent with those of the members of the class.

81. A class action is superior for the fair and efficient adjudication of the class members' claims.  The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

82.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class

pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### *Violations of the Telephone Communications Privacy Act*

83.    The actions of the Defendant violated the TCPA.

84.    Because the Defendant intentionally violated the TCPA, the Plaintiff is entitled to

damages in accordance with the TCPA namely $1,500.00 for each call where the

Defendant failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and

against the Defendant and award damages as follows:

(a)  Statutory damages provided under the TCPA and injunctive relief;

(b)  Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Woodmere, New York
November 24, 2016

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)